UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE HUMANE SOCIETY OF THE UNITED STATES *et al.*,<br><br>    Plaintiffs,<br><br>v.<br><br>TOM VILSACK, Secretary of the United States Department of Agriculture,<br><br>    Defendant. | Civil Action No. 1:12-cv-1582 (ABJ) |

### PLAINTIFFS' RESPONSE TO MOTION TO INTERVENE

In light of the parties' joint stipulation and motion to stay proceedings while Defendant (hereinafter "USDA") conducts an "independent" review of the contract and trademark valuation at issue in this case (ECF Nos. 29, 31), Plaintiffs respectfully suggest that the Motion to Intervene (ECF No. 25) be stayed with the rest of the litigation until USDA's *now-ongoing* review is completed, at which time the parties and the Court will be in a better position to make determinations about further proceedings in this case.

Proposed Intervenor's recently filed "response" to the proposed stay (ECF No. 30) offers no rational reason for the Court to decide the issue of intervention at this time. The USDA has inherent authority to reconsider the contract at issue or conduct a new valuation at any time. The proposed stay simply allows USDA to carry out that function without wasting time on simultaneous judicial proceedings.

There is no right or authority to stop the agency from undertaking a review process, nor any basis upon which to ask the Court to block it. Thus, even if admitted to the case today, Proposed Intervenor would have nothing to file that could block the agency's now-

ongoing new valuation, and the Court would have no power to do it with. Given the importance of the checkoff payments to its lobbying efforts, Proposed Intervenor's emotional response to USDA conducting a financial review is understandable, but ultimately irrelevant. There is simply no subject matter jurisdiction over *non-final* agency actions. *See* 5 U.S.C. § 704 ("A preliminary, procedural, or intermediate agency action or ruling not directly reviewable is subject to review on the review of the *final* agency action.") (emphasis added). When USDA's valuation is final and the stay is lifted, there will be jurisdictional authority for all parties to be heard on it.

Nothing in the stipulation prevents the Proposed Intervenor from submitting its own materials to the USDA concerning the new valuation process, and, in fact, the agency has now expressly indicated that it *would* accept and consider relevant submissions from Proposed Intervenor.[1] Proposed Intervenor's protestations of being left out of the process thus ring entirely hollow.

USDA has not promised a specific result of its review—indeed, such a promise would be inconsistent with principles of administrative law, and with the express stipulation that the review be independent. Just as Plaintiffs have not promised to accept a new valuation of the trademark by virtue of agreeing to the stay, Proposed Intervenor is also not required to accept any new valuation of the trademark. Any affected party will be free to challenge the new valuation for the trademark, or any other final agency action that results from USDA's review.

The only substantive change in the litigation as a result of the stipulation is Plaintiffs' agreement to drop their claim for relief concerning recoupment of funds unlawfully paid out to Proposed Intervenor in the past. (ECF No. 29). This provision

---

[1] Plaintiffs have no objection whatsoever to the Court entering a notation with the stipulation specifically authorizing Proposed Intervenor to submit materials to USDA in accordance with the same timeline as Plaintiffs as part of the new valuation.

actually *benefits* Proposed Intervenor substantially, and certainly doesn't provide any basis for concluding that the Proposed Intervenor is facing some imminent harm requiring immediate intervention before the stay is entered.[2]

In short, the Proposed Intervenor's response is long on rhetoric and accusations, and extremely short on substance. The Court has broad discretion in deciding motions to intervene, as well as broad power to conduct case proceedings efficiently. The agency is proceeding with an independent review and valuation that warrants a delay in further proceedings in this case.[3]

Proposed Intervenor has waited more than three years to seek intervention in this case, and can certainly wait just a little longer so that the litigation can be managed in a way that is most efficient for both the Court and the parties. When the review is completed and proceedings resume, Plaintiffs, Defendant, and the Proposed Intervenor can pursue whatever proceedings and motions that are warranted at that time.

Dec. 31, 2015                                   Respectfully submitted,

                                                 */s/ Matthew E. Penzer*
                                                 MATTHEW E. PENZER
                                                 2100 L Street, N.W.
                                                 Washington, D.C. 20037
                                                 (240) 271-6144
                                                 mpenzer@humanesociety.org
                                                 *Counsel for Plaintiffs*

---

[2] If preferred, Plaintiffs and Defendant could presumably dispense with the stipulation, withdraw Plaintiffs' waiver of recoupment of past funds from Proposed Intervenor, and USDA could still nonetheless decide to continue its now-ongoing valuation process while the case proceeds. But it is difficult to see how that would be beneficial to Proposed Intervenor, or an effective use of the Court's and the parties' time and resources.

[3] Proposed Intervenor misconstrues the stipulation's reference to an administrative record. There is no suggestion that a new record could be substituted for any previously made agency decisions at issue in this case.