**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
                                                )
THE HUMANE SOCIETY OF                           )
THE UNITED STATES, *et al.*,                     )
                                                )
              Plaintiffs,                        )
                                                )
       v.                                        )       Civil Action No. 12-1582 (ABJ)
                                                )
TOM VISACK, *Secretary of the*                   )
*U.S. Department of Agriculture*                 )
                                                )
              Defendant.                         )
_____)

**ORDER**

Pending before the Court is Defendant's Motion to Alter or Amend the Judgment Pursuant

to Rule 59(e) [Dkt. # 71] ("Def.'s Mot."). The Memorandum Opinion issued on February 1, 2018

stated:

> [T]he Court concludes that decision to continue to approve the annual
> payments based on the review of the Purchase Agreement that was
> undertaken in 2016 was arbitrary and capricious and unmoored from the
> facts and circumstances before the agency, so it will rule in favor of the
> plaintiffs on that issue.
>
>                          *        *        *
>
> Based on the agency's 2016 Review memorandum and the administrative
> record, the Court holds that defendant's decision to continue payments lacks
> the necessary rational connection between facts found and the choice to
> continue approving payments.

Memorandum Opinion [Dkt. # 70] ("Mem. Op.") at 3, 34. The Judgment then stated simply:

> Plaintiffs' motion for summary judgment on Counts I, II, and III are
> DENIED, and their motion for summary judgment on what has been
> deemed to be Count IV is GRANTED. . . .

> Defendants' motions to dismiss Counts I, II, and III are GRANTED, and their motion for summary judgment on what has been deemed to be Count IV is DENIED.

Order [Dkt. # 69] at 1–2.  Defendant has moved to amend the judgment to explain that it does not bar the making of *payments* after the date of the order:  it is the future "approvals" of payments for the Pork trademarks that are enjoined.  *See* Mem. Op. at 41 ("Since the expert valuation relied upon by the agency does not answer the question the inquiry was supposed to answer – what is the 'current value of the Pork trademarks?' – and it does not, as the agency directed, calculate that value based upon 'the cost for an organization to develop a new trademark with the same level of effectiveness as measured by aided awareness studies of the percentage of people who are aware of the trademark,' AR 3, 4, the Court holds that defendant's decision is arbitrary, capricious, and not supported by the record, and the agency is enjoined from approving any future payments based on the 2016 Review.").

Defendant seeks this relief because, unbeknownst to the Court, in December 2017, after the matter was briefed and argued, but before the Court had issued its ruling, the Secretary approved the next payment to be made under the purchase contract, which is scheduled for July of 2018.  Def.'s Mot. at 2.  The payment was approved as part of the agency's review of the Pork Board's 2018 budget.  *Id.*  Granting defendant's motion would permit that payment to go forward.  The Court agrees that clarification is required, and it will therefore grant defendant's motion in part.  But the Court will deny the motion as to defendant's proposal for how the judgment should be amended because the case is and has always been first and foremost about the use of checkoff funds.

The First Amended Complaint, which was filed in 2012, consisted of three counts:  Count I challenged the Secretary's 2006 approval of the Pork Board's contract to purchase the "The Other

White Meat" trademarks from the National Pork Producers Council "and each of the subsequent annually approved payments" under the contract. First Am. Compl. [Dkt. # 3] ¶¶ 113. Count II challenged the March 2011 approval to spend another $5.6 million to launch a new brand campaign without terminating the agreement to purchase The Other White Meat trademarks. *Id.* ¶¶ 116–22. And Count III challenged the approval of the 2012 annual payment for the trademarks without requiring termination of future payments. *Id.* ¶¶ 123–29. Plaintiffs asked the Court to order the recovery of "already distributed funds from [the National Pork Producers Council]" and to enjoin defendant "from further unlawful authorizations or expenditures of checkoff funds" related to the trademarks. Prayer for Relief, *id.* at 30.

In 2013, the Court ruled that plaintiffs did not have standing and dismissed the case for lack of subject matter jurisdiction, *see Humane Soc'y v. Vilsack*, 19 F. Supp. 3d 24, 34–47 (D.D.C. 2013), but the D.C. Circuit reversed, holding that plaintiff "Dillenburg's injury is a classic form of concrete and particularized harm: actual economic loss. The Board's allegedly unlawful *overpayments* for an advertising campaign it does not use divert funds from other promotions." *Humane Soc'y v. Vilsack*, 797 F.3d 4, 9 (D.C. Cir. 2015) (emphasis added) (internal citations omitted). In other words, it was the expenditure of plaintiffs' checkoff contributions that gave rise to Article III standing in the case.

In 2015, after the D.C. Circuit remanded the case, the parties agreed that defendant would conduct a fresh review and valuation of the purchase contract in exchange for plaintiffs' dismissal of their claim for disgorgement of payments that had already been made. *See* Stipulation [Dkt. # 29]. This agreement resulted in defendant's 2016 Review, J.A. [Dkt. # 64] at AR 2–12, and plaintiffs' dismissal of their request to recover already distributed funds from NPPC. Notice of

Dismissal of One Form of Requested Relief [Dkt. # 35].  Plaintiffs did not, however, abandon their request for relief as to any future payments.

The parties subsequently filed dispositive motions.  Plaintiffs requested "an order setting aside the unlawful 'purchase' agreement between the Board and the NPPC, and *enjoining further payments* under the agreement."  Pls.' Mem. of P. & A. in Supp. of Mot. for Summ. J. [Dkt. # 52–1] at 2 (emphasis added) (footnote omitted); *see also* Proposed Order [Dkt. # 52-3] (proposing an order to enjoin "any further payments under the Purchase Agreement").  The Secretary moved to dismiss or alternatively for summary judgment.  *See* Def.'s Mem. in Supp. of Def.'s Mot. and in Opp. to Pls.' Mot. [Dkt. # 54–1].  Given the 2016 Review and plaintiffs' dismissal of their request for disgorgement of past payments, the Secretary argued that the agency's "prior approvals no longer present a justiciable case or controversy," in part because plaintiffs now only sought to "enjoin[] future payments."  *Id.* at 30, citing plaintiffs' Proposed Order.

In light of these arguments and recent developments in the case, the Court was concerned that the issues the parties had briefed and argued, arising from events that took place in 2015 and 2016, were not reflected in the 2012 complaint.  *See* Tr. of Sept. 27, 2017 Hearing [Dkt. # 68] at 34 (The Court:  "[W]hat concerns me is so much of what you're asking for hasn't been put in front of me.  And in particular, the defendant says the decision to continue the payments after the 2016 review was supported by a reasoned basis.  And you devoted a considerable portion of your brief to arguing what was inappropriate about the valuation approach.  How does the complaint before me state a challenge to the 2016 decision?  And does your complaint need to be amended so that I can rule on this issue?").  Accordingly, the Court asked the parties to consider whether an amended complaint was required.  *See id.* at 11, 95.

The parties all took the position that no formal amendment of the complaint was necessary for the Court to review the agency's 2016 Review decision.  Plaintiffs proposed that the Court construe a challenge to the 2016 Review decision "as a claim within Count III of the complaint." Resp. to Court's Order re Amendment [Dkt. # 67] at 3.  The Secretary stated that "the best course of action is for the Court to deem the Complaint amended to include an additional count, Count IV, that challenges the agency's 2016 decision to continue authorizing payments for the Pork trademarks under the contract."  Defs.' Joint Notice [Dkt. # 66] at 2.  In light of the recent developments in the case and the parties' agreement that the complaint did not need to be amended, the Court determined that it would:

> deem the First Amended Complaint to include a Count IV that challenges the decision made in 2016 not to terminate the Purchase Agreement and all *future payments* based on that decision as arbitrary, capricious, an abuse of discretion, and/or otherwise not in accordance with law.

Mem. Op. at 26 (emphasis added).

On February 1, 2018, the Court ruled that the agency's decision in 2016 to continue payments under the purchase contract was arbitrary, capricious, and not supported by the record, and it granted plaintiffs' motion for summary judgment on what was deemed to be Count IV. Order.  While the Court did not detail the terms of the injunction in its Order, it stated specifically that plaintiffs' motion for summary judgment, which specifically sought to enjoin future payments, was granted.

Defendant's motion appropriately drew the Court's attention to the need to amend the judgment to comport with Federal Rule of Civil Procedure 65(d)(1)(c), but defendant's proposal for how the judgment should be amended ignores the fact that this case has been always about the agency's use of pork producers' checkoff dollars. First Am. Compl. at 30.  Standing is premised on its use of those funds to purchase the trademarks, *see Humane Soc'y*, 797 F.3d at 9, and while

plaintiffs dismissed their request for retrospective relief, they did not relinquish their claims seeking to bar future payments. More important, the Court has now decided that the 2016 decision was unlawful, so it would be illogical and contrary to the intent of the lawsuit to make an about face and permit another payment – predicated solely on the decision this Court deemed to be legally deficient – to be made.

Having ruled in plaintiffs' favor on Count IV, the Court's judgment was intended to enjoin defendant from approving, authorizing, or making any future payments for the trademarks at issue in this case based on the 2016 Review, and the Court will enter an amended order on this date making this injunction clear. Accordingly, it is ORDERED that defendant's motion [Dkt. # 71] is GRANTED IN PART and DENIED IN PART.

AMY BERMAN JACKSON
United States District Judge

DATE:  April 16, 2018

6